**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**June 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RAYMOND JOHNSON,

    Petitioner - Appellant.

v.

WILLIAM "CHRIS" RANKINS, Warden,

    Respondent - Appellee,

No. 26-7002
(D.C. No. 6:25-CV-00004-RAW-DES)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Raymond Johnson, an Oklahoma prisoner proceeding pro se, seeks a certificate of

appealability (COA) to challenge the district court's order dismissing his 28 U.S.C.

§ 2254 habeas petition as untimely.[1] Because reasonable jurists could not debate the

district court's determination that Johnson failed to satisfy the actual-innocence exception

to the relevant timeliness rules, we deny a COA and dismiss this matter.

**Background**

Johnson is serving a 40-year sentence for armed robbery. According to the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Johnson's pro se filings, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Oklahoma Court of Criminal Appeals (OCCA), Johnson robbed a convenience-store clerk at gunpoint after he entered the store and purchased a bottle of soda, went outside for about 20 minutes, and then returned and pulled out a gun to force the clerk to turn over the contents of the register. Video footage of the robbery was admitted at trial, but the perpetrator's face wasn't visible. However, an investigating officer retrieved a soda bottle from the parking lot that tested positive for Johnson's DNA (as well as a cigarette butt that likewise contained Johnson's DNA).

In Johnson's direct appeal, he advanced due-process and ineffective-assistance-of-counsel claims premised on the theory that the investigating officer had planted the soda bottle at the scene of the robbery. In support, Johnson submitted screenshots pulled from a video admitted at trial. The OCCA focused on the video itself, rather than the screenshots, and concluded that Johnson's theory was "patently false" because "[t]he video does not show the detective planting evidence" but instead "shows that the bottle was in the parking lot prior to the detective's arrival." R. 132. The OCCA affirmed Johnson's conviction and sentence on August 12, 2021, and denied his petition for rehearing on September 14, 2021.

On January 6, 2026, Johnson filed his federal habeas petition, asserting claims of actual innocence and ineffective assistance of counsel, again premised on the alleged planting of evidence. The State moved to dismiss his petition as untimely. Johnson replied that his petition's untimeliness was excused by actual innocence, pointing to the same screenshots that he submitted on direct appeal.

2

The district court rejected Johnson's actual-innocence argument for several reasons: Johnson failed to submit his purportedly new evidence to the district court; the evidence was not, in fact, new; and Johnson failed to rebut by clear and convincing evidence the OCCA's factual finding that law enforcement had *not* planted evidence. The district court therefore dismissed Johnson's petition as untimely and denied a COA.

Johnson now requests a COA from this court. *See* 28 U.S.C. § 2253(c)(1)(A).

**Analysis**

To obtain a COA, Johnson must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "That standard is met when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner.'" *Welch v. United States*, 578 U.S. 120, 127 (2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). So we will grant a COA if Johnson can "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). And if we conclude that reasonable jurists would not debate the district court's procedural ruling, we need not address the constitutional question. *Id.* at 485.

Here, as below, Johnson implicitly concedes that his petition is untimely unless he can show actual innocence.[2] The actual-innocence exception, sometimes referred to as a

---

[2] As the district court reasoned, Johnson's conviction became final for federal habeas purposes on December 13, 2021, "the date on which the judgment became final

"gateway," is a function of "the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Fontenot v. Crow*, 4 F.4th 982, 1029–30 (10th Cir. 2021) (cleaned up) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). If satisfied, it operates as an "equitable exception" to the one-year filing deadline and permits courts to reach constitutional claims asserted in an untimely habeas petition. *Id.* at 1030.

A petitioner asserting actual innocence "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* (cleaned up) (quoting *House v. Bell*, 547 U.S. 518, 537–38 (2006)). This is a "demanding" standard, satisfied only in "rare" and "extraordinary" cases. *Id.* at 1031 (first quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013), and then quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Additionally, "when a state court has made a factual determination bearing on the resolution of a[n actual-innocence] issue, the petitioner bears the burden of rebutting this presumption by clear and convincing

---

by . . . the expiration of the time for seeking [Supreme Court] review." 28 U.S.C. § 2244(d)(1)(A). His one-year deadline to file a federal habeas petition began to run on December 14, 2021, was extended by 15 days of statutory tolling under § 2244(d)(2), and expired on December 29, 2022. *See* § 2244(d)(1).

evidence." *Id.* at 1034–35 (cleaned up) (quoting *Teleguz v. Pearson*, 689 F.3d 322, 331 (4th Cir. 2012)); *see also* § 2254(e)(1).

Johnson suggests that reasonable jurists could debate whether his actual-innocence evidence was new. Yet he offers no reason to question the district court's straightforward conclusion that "the evidence [he] points to is not new" because it "was presented at trial." R. 259. At best, Johnson suggests that appellate counsel was the first to present the theory of evidence being planted. Yet appellate counsel expressly acknowledged both that trial counsel at least partially raised the issue and that the screenshots submitted on direct appeal were taken "from the surveillance footage" admitted at trial. *Id.* at 78. Thus, Johnson's purportedly new evidence is simply a portion of the old evidence—screenshots pulled from a video submitted at trial. It's therefore not debatable that this evidence isn't the "newly presented evidence" required for actual innocence. *Fontenot*, 4 F.4th at 1032– 33 (quoting *Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012)); *see also Pemberton v. Miller*, No. 24-7027, 2024 WL 4891560, at *3 (10th Cir. Nov. 26, 2024) (unpublished) (noting that evidence was not new because it "was presented at [defendant's] state and federal trials").[3] As such, reasonable jurists could not debate the district court's ruling that Johnson failed to show actual innocence to excuse the untimeliness of his petition.[4]

---

[3] We cite unpublished decisions for their persuasive value. *See* 10th Cir. R. 32.1(A).

[4] We therefore do not reach Johnson's argument that reasonable jurists could debate whether he could rebut the OCCA's factual finding on his evidence-planting theory. Nor do we consider Johnson's argument that the district court should have permitted him to amend his petition and submit the screenshots.

**Conclusion**

We deny Johnson's COA request and dismiss this appeal. We also deny his

motion to take judicial notice. But we grant his motion to proceed in forma pauperis.


Entered for the Court


Nancy L. Moritz
Circuit Judge